1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   SIERRA CLUB, et al.,                      No. C 05-00397 CRB
11              Plaintiffs,                    **ORDER RE: HEARING**
12      v.
13   DALE BOSWORTH, et al.,
14              Defendants.
                                        /
15
16   PEOPLE OF THE STATE OF                    No. C 05-00898 CRB
     CALIFORNIA, *ex. rel.* BILL LOCKYER,
17   ATTORNEY GENERAL,                         **ORDER RE: HEARING**
18              Plaintiff,
19      v.
20   UNITED STATES FOREST SERVICE, et
     al.
21
22              Defendants.
                                        /
23
24
25
26          In preparation for today's oral argument on the various motions for summary

27   judgment, all parties are instructed to be prepared to respond to the questions listed below.

28   Because there is significant overlap in the two lawsuits, all parties may respond to questions

     that may be relevant to their case.  The total time permitted will not exceed two hours.

**Sierra Club v. Bosworth** (05-0397)

**I.     First Claim: Monument Plan**

1.     **Defendants**: The Court is concerned that relying on "local information" provides Forest Service managers unfettered discretion and may render any NEPA analysis irrelevant.  Where in the record do you define or explain what "local information" led you to select the alternative you chose or otherwise directed your analysis?

2.     **All Parties**: Should a determination about whether a particular decision to mechanically treat a portion of the Monument is "clearly needed" be done in a site-specific evaluation at a later time, not a programmatic-level Plan?  If not, please explain specifically what activities will be permitted upon approval of the Plan that must be found to be "clearly needed" at this point.

3.     **Defendants**: If the 2004 Framework EIS, published less than two weeks after the Monument ROD and approximately one month after the Monument FEIS, was not "reasonably foreseeable" at the time the Monument FEIS, what would be reasonably foreseeable so that NEPA's requirement that future projects be included in a cumulative impacts analysis is not rendered a nullity?  See Kern v. U.S. Bureau of Land Management, 284 F.3d 1062, 1072 (9th Cir. 2002)

**II.     Second Claim: MSA**

1.     **Defendants**: You acknowledge that the "starting point for the development of the management plan for the Monument was the existing [LRMP], which had previously been amended by the 2001 [Framework]." You do not claim that a NEPA-compliant document has nullified the MSA.  Therefore, if the Monument Plan relies on the 1988

LRMP (and the 2001 Framework), and the MSA is part and parcel of the 1988 LRMP, how can the MSA no longer apply?  In particular, how can the Proclamation, which preceded the 2001 Framework, have superceded the MSA if that agreement is treated as part of the 1988 LRMP?

**III.    Third Claim: Timber Sales**

1.      **Defendants**: Other than the <u>SUWA</u> argument and the additional argument that the environmental plaintiffs waived their Frog Project argument, has anything changed since the preliminary injunction motions last fall?

2.      **All Parties**: Should the Court treat the two logging projects inside the Monument differently from the two projects bordering on the Monument?  If so, how?

3.      **All Parties:** If, as plaintiffs request, the Court permanently enjoins the timber projects, what is the procedure by which the Forest Service could remedy the NEPA problems and proceed with the projects?

**<u>California v. Forest Service</u>**, 05-0898

1.      **California**: Is there a case, preferably in the Ninth Circuit, which contains reasoning and analysis that I can use to determine whether the Monument Plan is "readable" or "understandable" under NEPA or the APA?

2.      **Forest Service**: Is it permissible for a management plan to rely on the intent of the directive it is supposed to be implementing?  Is there a case, preferably in the Ninth Circuit, where a management plan relies on the "intent" of a statute or other document that delegates implementing authority to an agency?

3. **Forest Service**: If there were different standards and guidelines for the three land allocations in the 2001 Framework discussed in the briefs–Southern Sierra Fisher Conservation Area, General Forest, and Old Forest Emphasis–how can *all* of those S&G's, which require different responses to similar situations, apply to the land allocation in the Monument Plan (Fisher/Old Forest) that combines all three into one?

4. **All Parties**: Is there a case where a management plan expressly says it is not tiering to another document yet the court found that it did?

    Unless otherwise noted in open court, oral argument will be limited to the aforementioned questions.

    **IT IS SO ORDERED.**

Dated: May 1, 2006

                   CHARLES R. BREYER
                   UNITED STATES DISTRICT JUDGE